UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHARLES M. SMITH,

      Petitioner,

v.                                  Case No.  3:17cv159/RV/CJK

JULIE JONES,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254.  (Doc. 1).  Respondent moves to dismiss the petition as time-barred, providing relevant portions of the state court record.  (Docs. 12, 14).  Petitioner opposes the motion.  (Doc. 15).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter.  Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  The undersigned further concludes that the pleadings and attachments before the court show that the petition is untimely and should be dismissed.

## BACKGROUND AND PROCEDURAL HISTORY

In 2014, petitioner was charged in Santa Rosa County Circuit Court with having sexually battered an 8-year-old girl by oral penetration or union with her vagina, in violation of section 794.011(2)(a), Florida Statutes. (Doc. 12, Ex. A). Petitioner was 63-years old. (*Id.*). The crime was a capital felony, punishable by a mandatory term of life imprisonment. *See* Fla. Stat. §§ 794.011(2)(a), 775.082 and 921.141. Petitioner resolved the charge pursuant to a counseled, negotiated plea agreement whereby he pled no contest to the lesser included offense of attempted sexual battery of a victim less than 12 years of age. (Doc. 1, pp. 1-2; Doc. 12, Ex. B (plea agreement), Ex. C (judgment); Ex. D (transcript of plea and sentencing). Petitioner was sentenced to a negotiated sentence of 15 years in prison followed by 15 years on sex offender probation. (*Id.*). Judgment was entered March 6, 2015. (Doc. 12, Ex. C). Petitioner did not move to withdraw his plea or seek direct review of the judgment. (Doc. 1, p. 2; Doc. 12, p. 2).

On May 4, 2016, petitioner filed a counseled motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, which he later amended. (Doc. 12, Ex. E, pp. 1-19, 22-40). The state circuit court denied relief. (*Id.*, pp. 41-86). The Florida First District Court of Appeal (Florida First DCA) affirmed per curiam

without opinion.  *Smith v. State*, 222 So. 3d 1212 (Fla. 1st DCA 2017) (Table) (copy at Doc. 14, Ex. H).  The mandate issued January 19, 2017.  (*Id*., Ex. H).

Petitioner filed his federal habeas petition on March 6, 2017.  (Doc. 1, p. 1). Petitioner challenges the voluntariness of his plea on the ground that his trial counsel was ineffective for failing to advise him the State lacked sufficient evidence to convict him of the capital sexual battery charge.  (Doc. 1, pp. 3-8).

## DISCUSSION

Because petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA governs this petition.  *Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).  AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal application for a writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  The limitations period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1).  The limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending.  28 U.S.C. § 2244(d)(2).

Petitioner has not asserted that a State-created impediment to his filing a federal habeas petition existed, that he bases his claim on a right newly recognized by the United States Supreme Court, or that the facts supporting his claim could not have been discovered through the exercise of due diligence before his conviction became final.  Accordingly, the statute of limitations is measured from the remaining trigger, which is the date on which petitioner's conviction became final.  *See* 28 U.S.C. § 2244(d)(1).

Petitioner did not pursue direct review of his March 6, 2015, judgment and sentence; accordingly, his judgment became final for purposes of § 2244(d)(1)(A), at the expiration of the time for seeking such review.  *See* 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that for petitioners who do not pursue direct review all the way to the United States Supreme Court, "the judgment becomes final at the 'expiration of the time for seeking such review' – when the time for pursuing direct review in this Court, or in state court, expires.").

Respondent asserts that petitioner's time for pursuing direct review expired 30 days after entry of the judgment – when the time for seeking review in the Florida First DCA expired. (Doc. 12, pp. 3-4). Petitioner asserts that his time for pursuing direct review expired 90 days after entry of the judgment – when the time for seeking certiorari review in the United States Supreme Court expired. (Doc. 15). The Supreme Court's decision in *Gonzalez, supra,* resolves the issue.

In *Gonzalez*, a Texas state prisoner pursued direct review of his criminal judgment in the state's intermediate appellate court (the Texas Court of Appeals). Under Texas law, the prisoner had a right to discretionary review in Texas' highest court (the Texas Court of Criminal Appeals), but he did not seek discretionary review. *Gonzalez*, 565 U.S. at 150. The United States Supreme Court rejected the prisoner's argument that he was entitled to the 90-day period for seeking certiorari review in the United States Supreme Court. *Id*. at 154. The Court reasoned that it would have lacked jurisdiction over a certiorari petition from the state intermediate appellate court's decision, explaining: "We can review . . . only judgments of a 'state court of last resort' or of a lower state court if the 'state court of last resort' has denied discretionary review." *Id*. (*citing* 28 U.S.C. § 1257(a), and Sup. Ct. R. 13.1).

Title 28 U.S.C. § 1257 authorizes the Supreme Court to review final judgments or decrees rendered by "the highest court of a State in which a decision

could be had".  28 U.S.C. § 1257(a).  Rule 13 of the Supreme Court Rules provides that a petition for writ of certiorari is timely if filed within 90 days of entry of a judgment of a "state court of last resort," or of an order denying discretionary review of a lower state court judgment that is subject to further review.  Sup. Ct. R. 13.1. Determining what constitutes a "state court of last resort" or "the highest court of a State in which a decision could be had" for purposes of the Supreme Court's certiorari jurisdiction requires an examination of state procedures.  *See Costarelli v. Massachusetts*, 421 U.S. 193, 195-97, 198-99 (1975) (examining Massachusetts law); *Gonzalez*, 565 U.S. at 138, 154 (examining Texas law).

In Florida, "[a] defendant who pleads guilty or nolo contendere may . . . directly appeal . . . an involuntary plea, if preserved by a motion to withdraw plea". Fla. R. App. P. 9.140(b)(2)(A)(ii)(c); *see also* Fla. R. Crim. P. 3.170(l) ("A defendant who pleads guilty or nolo contendere without expressly reserving the right to appeal a legally dispositive issue may file a motion to withdraw the plea within thirty days after rendition of the sentence, but only upon the grounds specified in Florida Rule of Appellate Procedure 9.140(b)(2)(A)(ii)(a)-(e).").  An appeal by a defendant in a criminal case is commenced by filing a notice of appeal "at any time between the rendition of a final judgment and 30 days following rendition of a written order imposing sentence."  Fla. R. App. P. 9.140(b)(3); *see also Gust v. State*, 535 So. 2d

642, 643 (Fla. 1st DCA 1988) (holding that criminal defendant who pled no contest had 30 days from the date of his judgment to file an appeal from the conviction, and that his judgment became final under Florida law when that period expired without the filing of a notice of appeal (*citing* Fla. R. App. P. 9.140(b)).

Petitioner here allowed his time for seeking state-court review of his criminal judgment to expire.  Applying *Gonzalez*, petitioner's judgment became "final" under § 2244(d)(1)(A), on April 6, 2015, when the 30-day period for seeking direct review in the Florida First DCA expired.[1]  Petitioner is not entitled to the 90-day period for seeking certiorari review in the United States Supreme Court, because the Court would have lacked jurisdiction to review the Florida trial court's judgment in the first instance.

The federal limitations period began to run on April 7, 2015, and expired one year later, on April 7, 2016.  *San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) ("AEDPA's one-year limitation period beings to run from the day after the day of the event that triggers the period (applying Fed. R. Civ. P. 6(a)(1))); *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (holding that the limitations period should be calculated according to the "anniversary method," under which the limitations period expires on the one-year anniversary of the date it began to run).

---

[1] April 5, 2015, was a Sunday.

Petitioner did not file his federal habeas petition until March 6, 2017. The limitations period was not statutorily tolled, because petitioner had no "application for State post-conviction or other collateral review" pending between April 7, 2015, and April 7, 2016. *See* 28 U.S.C. § 2244(d)(2). Petitioner's state postconviction motion filed on May 4, 2016, did not trigger the tolling benefit of § 2244(d)(2), because it was filed after the limitations period expired. *Hutchinson v. Florida*, 677 F.3d 1097, 1098 (11th Cir. 2012) ("In order for that § 2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run.") (citations omitted).

Petitioner argues that even if untimely, his petition should not be dismissed because counsel misadvised him to plead no contest to the lesser offense of attempted sexual battery. Petitioner explains:

> [T]he Petitioner would argue that under the Supreme Court case of *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), there would be grounds to support a claim of a valid excuse for failure to seek an appeal. The Petitioner's prominent theory of relief is that his judgment of conviction and the resultant sentence on its face is unconstitutional in that the Petitioner remains convicted and incarcerated for an offense where the undisputed facts unequivocally show he did not commit. The Petitioner indeed committed a form of battery, the[re] was no attempt to do so, nor did the State charge an attempt offense in its information. The Petitioner's counsel should have recognized this significant constitutional error and taken appropriate action to have him plead to an appropriate lesser offense of simple battery, where the undisputed facts support this proper lesser included offense consistent with the

> allegations made by the State.  At no time did the State allege or charge
> that the Petitioner "attempted" to commit an offense.

(Doc. 15, pp. 3-4).  Petitioner's reliance on *Martinez* is misplaced.  "[T]he *Martinez* rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to AEDPA's statute of limitations or the tolling of that period."  *Arthur v. Thomas*, 739 F.3d 611, 630 (11th Cir. 2014).

Petitioner's allegation that he "remains convicted and incarcerated for an offense where the undisputed facts unequivocally show he did not commit" does not state a plausible basis to overcome the limitations bar.  The probable cause affidavit forming the "undisputed" factual basis for petitioner's plea states that petitioner, while in a swimming pool with 8-year-old B.C., saw that her vagina was exposed and licked her vagina.  (Doc. 12, Ex. E, p. 51).  These facts sufficiently support petitioner's plea and conviction for attempted sexual battery of a victim less than 12 years of age.

Petitioner's contention that he was convicted of an erroneous lesser included offense of sexual battery (attempted sexual battery instead of simple battery) does not satisfy the *Schlup* actual innocence standard for overcoming the limitations bar. *See Schlup v. Delo*, 513 U.S. 298 (1995) (articulating the standard of proof governing procedural claims of actual innocence); *see also Rozzelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000 (11th Cir. 2012) (holding that petitioner's claim that

he was actually innocent of the higher-level offense and was guilty only of a lesser-degree offense is not cognizable under the "actual innocence" exception to the statute of limitations); *San Martin* at 1267-68 ("The actual innocence exception is 'exceedingly narrow in scope,' and the petitioner must demonstrate that he is factually innocent rather than legally innocent." (*citing Bousley v. United States*, 523 U.S. 614, 623 (1998)).[2]

Petitioner's federal habeas petition is untimely.  Petitioner has not established entitlement to equitable tolling or any other exception to the limitations bar.  Petitioner's failure to timely file his petition requires dismissal of this case.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  28 U.S.C. § 2254 Rule 11(a).  A timely notice

---

[2] The allegations of the petition which underlie petitioner's ineffective assistance claim do not raise a colorable claim of actual innocence.  (*See* Doc. 1, pp. 3-8).  Petitioner essentially challenges the strength of the State's case, but presents no new reliable evidence of his factual innocence.  Moreover, when petitioner's allegations are viewed in light of all of the available evidence in the record, they do not persuade this court that it is more likely than not that no reasonable juror would have convicted him.  (*See* Doc. 12, Ex. E, pp. 41-86) (state postconviction court's order discussing petitioner's allegations, the evidence, and the development of the State's case).

of appeal must still be filed, even if the court issues a certificate of appealability.  28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'"  *Miller-El*, 537 U.S. 322, 336 (2003) (*quoting* 28 U.S.C. § 2253(c)).  "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. —, 137 S. Ct. 759, 774 (2017) (*quoting Miller-El*, 537 U.S. at 327).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). The petitioner here cannot make the requisite showing. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should

issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That respondent's motion to dismiss (doc. 12) be GRANTED.

2. That the petition for writ of habeas corpus (doc. 1), challenging petitioner's judgment of conviction and sentence in *State of Florida v. Charles Milton Smith*, Santa Rosa County Circuit Court Case No. 2014-CF-1135, be DISMISSED WITH PREJUDICE.

3. That the clerk be directed to close the file.

4. That a certificate of appealability be DENIED.

At Pensacola, Florida this 9th day of January, 2018.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.